UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**In re:**

|   |   |   |
|---|---|---|
| **WALLACE GLAZE,** | ) | Case No. 04-06480-TOM-7 |
|  | ) |  |
| **Debtor.** | ) |  |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Debtor Wallace Glaze's ("Debtor") "Petition to Amend" ("Motion").[1] The Court has jurisdiction pursuant to 28 U.S.C. §§151, 157(a) and 1334(b) and the United States District Court for the Northern District of Alabama's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] This is a core proceeding as defined in 28 U.S.C.

---

[1] The pleading was styled "Petition to Amend" but will be treated as a motion pursuant to Rule 9013 of the Federal Rules of Bankruptcy Procedure which states in part that "[a] request for an order ... shall be by written motion, unless made during a hearing."

[2] 28 U.S.C. § 151 provides:

In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 157(a) provides:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 1334(b) provides:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not

§ 157(b)(2)(A).[3] The Motion requests that the Debtor's bankruptcy petition be amended to add the Debtor's wife, Sandra Glaze, as a joint debtor in this case. The Court, having considered the Motion and the law and having determined that no hearing is necessary, finds and concludes as follows.

## I. FINDINGS OF FACT

The Debtor filed a voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code on July 26, 2004. The bankruptcy petition, schedules and other required forms were filed electronically using the Court's Electronic Case Filing ("ECF") system. When a new case is filed using the ECF system, the person entering the information (usually the Debtor's attorney) must specify whether it is an individual or joint case by using a pull down menu on the computer screen. If it is a joint case, the names of both debtors must be entered into the system.

Although the Debtor's attorney designated this as a joint case when it was entered into the ECF system, no joint debtor was named or identified in the system. The bankruptcy petition was captioned "Glaze, Wallace." No joint debtor was identified in the bankruptcy petition's caption. The case has been administered as an individual no asset chapter 7 case.

The schedules and other forms prepared by the Debtor's attorney are captioned "Wallace

---

exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The General Order of Reference as amended provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. § 157(b)(2)(A) provides:
    (b)(2)Core proceedings include, but are not limited to–
        (A) matters concerning the administration of the estate;

2

Glaze and Sandra Glaze." Appearing on the debtor's signature line at the bottom of the petition is "/s/ Wallace Glaze and Sandra Glaze." The signature line for the joint debtor is blank. This pattern is repeated on other forms requiring the Debtor's signature. Schedule I, Current Income of Individual Debtor(s), denotes the Debtor's marital status as single and does not list Sandra Glaze as his spouse nor as the joint debtor in this case.

The B21 Form, Statement of Social Security Number, was completed in long hand and lists Sandra Glaze as the joint debtor. It was signed by both Wallace Glaze and Sandra Glaze. A second, unsigned B21 Form filed in this case does not list Sandra Glaze as the joint debtor.

The "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines" was prepared on July 28, 2004 and was prepared consistent with the way the case was filed. It was captioned "Wallace Glaze." The Notice did not list Sandra Glaze as a joint debtor nor is she associated with this case in the Court's electronic case management system. This Notice was served on creditors on July 30, 2004. The Section 341 meeting of creditors was held on September 2, 2004. The instant Motion was filed on September 5, 2004. The Trustee's Report of No Distribution was entered on September 8, 2004.

## II. CONCLUSIONS OF LAW

Section 302(a) of the Bankruptcy Code provides that a joint case is commenced by the filing of a single petition by an individual and that individual's spouse.[4] That is, both spouses must file

---

[4] Section 302(a) provides:

A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

3

a single petition concurrently. A debtor may not convert an individual case commenced under Section 301 to a joint case simply by amending the petition to add a spouse as a joint debtor.[5] In reported cases dealing with this issue the debtor's motion to amend was denied.[6] See, e.g., In re Olson, 253 B.R. 73 (B.A.P. 9th Cir. 2000); In re Buerman, 295 B.R. 876 (Bankr. W.D. Ark. 2003); In re Walker, 169 B.R. 391 (Bankr. W.D. Tenn. 1994); In re Clinton, 166 B.R. 195 (Bankr. N.D. Ga. 1994); In re Sobin, 99 B.R. 483 (Bankr. M.D. Fla. 1989); In re Woodell, 96 B.R. 614 (Bankr. E.D. Va. 1988); In re Austin, 46 B.R. 358 (Bankr. E.D. Wis. 1985).

This case was commenced and has been administered as an individual case under Section 301 of the Bankruptcy Code. Only one debtor, Wallace Glaze, was listed in the caption of the bankruptcy petition. The Debtor's attorney failed to list Sandra Glaze as a joint debtor in the caption. This omission may have been a clerical error but its significance cannot be overstated.

Accuracy in the caption of a bankruptcy petition is of substantive importance and is not merely a matter of form or technicality. See, e.g., Austin, 46 B.R. at 360. Bankruptcy Rule 1005 enumerates precisely what is to be contained in the caption, in particular, "the name, social security number ... of the debtor and all other names used by the debtor within six years before filing the

---

[5] Section 301 provides:

A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

[6] In an unpublished opinion this Court previously denied a similar motion to add a debtor to a chapter 7 bankruptcy petition. See In re Quick, Case No. 97-05833-TOM-7 (Bankr. N.D. Ala. Aug. 18, 1997).

4

petition."[7] This information is required of both debtors in a joint case. The information contained in the caption of the case informs creditors and others of exactly who has filed bankruptcy. Compliance with Bankruptcy Rule 1005 is therefore critical in determining the rights of debtors and creditors.

The petition filed on July 26, 2004 failed to comply with Bankruptcy Rule 1005 so far as Sandra Glaze was concerned. She was not listed as a joint debtor. Although Bankruptcy Rule 1009(a) allows a debtor to amend a petition as a matter of course at any time before the case is closed, the rule does not permit an amendment to add a new debtor.[8] See In re Olson, 253 B.R. 73; In re Clinton, 166 B.R. at 198. Allowing such an amendment would make the identity of the Debtor and the Debtor's estate a moving target. The trustee and creditors would be left guessing whether the amendment may retroactively invoke the automatic stay to protect an individual not identified

---

[7] Bankruptcy Rule 1005 provides:

The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the following information about the debtor: name, employer identification number, last four digits of the social security number, any other tax identification number, and all other names used within six years before filing the petition. If the petition is not filed by the debtor, it shall include all names used by the debtor which are known to petitioners.

[8] Bankruptcy Rule 1009(a) provides:

**General right to amend.** A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.

5

in the original petition.

The Court recognizes that its position may appear to be overly technical and acknowledges that no prejudice to creditors may occur by granting the Debtor's Motion in this case. However, Section 302 is explicit on the manner of filing a joint case. There is no authority in the Bankruptcy Code which permits this Court to add a joint debtor once a case is commenced. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Petition to Amend ("Motion") filed by the Debtor Wallace Glaze is **DENIED.**

Dated this the 4th day of October, 2004

                                        **/s/ Tamara O. Mitchell**
                                        TAMARA O. MITCHELL
                                        United States Bankruptcy Judge

TOM: jdg

xc:    Debtor
       Rita M. Briles, Attorney for the Debtor
       James G. Henderson, Trustee
       Bankruptcy Administrator